IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

STEVEN C. DERK,                          :
                                         :
        Petitioner                       :
                                         :        CIVIL NO. 1:10-CV-1007
                                         :
    v.                                   :        Hon. John E. Jones III
                                         :
PA STATE ATTORNEY GENERAL,               :
                                         :
        Respondent                       :

## MEMORANDUM

July 20, 2010

## THE BACKGROUND OF THIS MEMORANDUM IS AS FOLLOWS:

Petitioner Steven C. Derk ("Petitioner" or "Derk"), an inmate presently

confined at the Somerset State Correctional Institution ("SCI Somerset") in Somerset,

Pennsylvania, commenced this *pro se* action by filing a Petition for Writ of Habeas

Corpus pursuant to the provisions of 28 U.S.C. § 2254. An Amended Petition (Doc.

7) was filed on June 7, 2010. Derk challenges his 1993 first degree murder

conviction in the Snyder County Court of Common Pleas. For the reasons set forth

below, the Petition will be dismissed as untimely.

## I.     Factual Background

In 1992, Derk was charged with criminal homicide and related offenses arising

from the brutal beating death of a two-year old child, Clair Hoyles, III, the son of Derk's live-in girlfriend. (Doc. 10 ¶ 1; *Commonwealth v. Derk*, 913 A.2d 875, 877 (Pa. Super. 2006).) Following a jury trial in the Snyder County Court of Common Pleas, Derk was convicted of first-degree murder and other offenses and sentenced to a life term of imprisonment. (*Id.*)

On July 24, 1996, the Pennsylvania Superior Court affirmed Derk's judgment of sentence. (Doc. 14, Response, at 4.) The Pennsylvania Supreme Court granted allowance of appeal and affirmed the decision of the Superior Court on October 7, 1998. *See Commonwealth v. Derk*, 719 A.2d 262 (Pa. 1998) (*per curiam*). Derk's application for reargument was denied on December 11, 1998. (Doc. 14 at 4.) He did not file a petition for writ of *certiorari* to the United States Supreme Court.

On July 13, 1999, Derk filed a *pro se* petition for relief under Pennsylvania's Post Conviction Relief Act, 42 Pa. Cons. Stat. § 9541, *et seq.* ("PCRA Petition"). (*Id.* at 5.) On June 2, 2005, the PCRA court decided that Derk was entitled to PCRA relief with respect to one of his claims asserting ineffective assistance of counsel and granted him a new trial. (*Id.*) The PCRA court did not analyze Derk's remaining claims. (*Id.* n.1.)

The Commonwealth appealed to the Pennsylvania Superior Court from the Order granting PCRA relief. (*Id.*) On November 30, 2006, the Superior Court

concluded that the ineffective assistance of counsel claim that the PCRA Court had granted had been "previously litigated" on direct appeal and could not be revisited on collateral review. *Commonwealth v. Derk*, 913 A.2d 875 (Pa. Super. 2006). Therefore, the Superior Court vacated the PCRA court's order granting a new trial, and remanded the matter for disposition of Derk's remaining PCRA claims. *Id.* Derk filed a petition for allowance of appeal to the Pennsylvania Supreme Court, which was denied on October 2, 2007. (*See* Doc. 14 at 4.) He did not file a petition for writ of *certiorari* to the United States Supreme Court. (*See id.*)

On remand, in a decision issued on December 7, 2007, the PCRA court determined that Derk was not entitled to relief on any of his remaining claims. (*Id.*) The Pennsylvania Superior Court denied Derk's appeal on December 19, 2008. (*Id.*) On May 19, 2009, the Pennsylvania Supreme Court denied Derk's petition for allowance of appeal. (*Id.*) Derk did not file a petition for writ of *certiorari* to the United States Supreme Court. (*Id.*)

## II.    Procedural Background

Derk filed the instant Petition on May 11, 2010. (Doc. 1.) In accordance with *United States v. Miller*, 197 F.3d 644 (3d Cir. 1999) and *Mason v. Meyers*, 208 F.3d 414 (3d Cir. 2000) (requiring district courts to provide notice to *pro se* habeas petitioners of the implications of 28 U.S.C. § 2244(b) before ruling on their

3

petitions), by Order dated May 14, 2010, Derk was advised that (1) he could have the petition ruled on as filed, that is, as a § 2254 petition for writ of habeas corpus and heard as such, but lose his ability to file a second or successive petition absent certification by the Court of Appeals, or (2) withdraw his petition and file one all-inclusive § 2254 petition within the one-year statutory period prescribed by the Antiterrorism Effective Death Penalty Act ("AEDPA"). (*See* Doc. 3.) Derk was directed within forty-five (45) days from the date of the Order to file his Notice of Election form indicating his choice. (*See id.*)

On June 7, 2010, Derk filed his Notice of Election indicating that he wished to withdraw his Petition and file an amended petition. (*See* Doc. 7.) Attached to his Notice was his Amended Petition (Doc. 7-2) and Exhibits (Docs. 7-3 through 7-6). By Order dated June 8, 2010, service of the Amended Petition and Exhibits was directed, and Respondent was directed to file an Answer to the Amended Petition within twenty-one (21) days, or by June 29, 2010. (Doc. 8.)

On June 22, 2010, Respondent filed a Motion requesting leave to file a response limited to the issue of the timeliness of the Petition. (Doc. 10.) In an Order dated June 25, 2010, the Motion was granted, and Petitioner was directed within fourteen (14) days of receipt of Respondent's filings to file a reply brief solely addressing the issue of the timeliness of the Petition. (*See* Doc. 13.) On June 29,

2010, Respondent filed a Response (Doc. 14). On July 1, 2010, Petitioner filed his

reply brief (Doc. 15). Therefore, the issue of the timeliness of the Petition is ripe for

review.[1]

## III.   Discussion

The Antiterrorism and Effective Death Penalty Act ("AEDPA"), Pub. L. No.

104-132, 110 Stat. 1214 (1996), amended the federal habeas statute by imposing a

statute of limitations on prisoners requesting habeas corpus relief pursuant to 28

U.S.C. § 2254. Specifically, Section 2244(d) of Title 28 of the United States Code

provides:

> (d) (1) A 1-year period of limitation shall apply to an application for a
> writ of habeas corpus by a person in custody pursuant to the judgment of
> a State court. The limitation period shall run from the latest of-
>
> (A) the date on which the judgment became final by the conclusion
> of direct review or the expiration for seeking such review . . .
>
> (d) (2) The time during which a properly filed application for State post
> conviction or other collateral review with respect to the pertinent judgment
> or claim is pending shall not be counted toward any period of limitation
> under this subsection.

---

[1]After the issue of the timeliness of the Petition became ripe for review, Derk filed various
letters (Docs. 16-21, 23-24) addressed solely to the Court. Because *ex parte* communication with the
Court is not permitted, and the Court does not take action on the basis of letters, these letters have
not been reviewed by the Court. In addition, on July 7, 2010, Derk filed a document entitled
"Supplemental Response" addressing Respondent's Motion requesting leave to file a response
limited to the issue of the timeliness of the Petition. (*See* Doc. 22.) Because Respondent's Motion
already was decided on June 25, 2010, Derk's response was not considered.

*See generally, Jones v. Morton*, 195 F.3d 153, 157 (3d Cir. 1999).

## A.    Statutory Tolling

As set forth above, the time for filing a federal habeas petition begins to run when the judgment of sentence becomes final. However, this time period is suspended during the pendency of properly filed state post-conviction proceedings. A "properly filed application" for post-conviction relief under § 2244(d)(2) is one submitted according to the state's procedural requirements, such as rules governing time and place of filing. *Lovasz v. Vaughn*, 134 F.3d 146, 148 (3d Cir. 1998). In Pennsylvania, any PCRA petition, including a second or subsequent petition, must be filed within one (1) year from the date a judgment of sentence becomes final. 42 Pa. Cons. Stat. § 9545(b). A judgment becomes final either upon the conclusion of direct review or upon the expiration of the time for seeking direct review. 42 Pa. Cons. Stat. § 9545(b)(3). In addition, the one-year period is not tolled during the time for seeking or pendency of a petition for writ of *certiorari* to the United States Supreme Court requesting review of the denial of state post-conviction relief. *Lawrence v. Florida*, 549 U.S. 327, 332 (2007).

Further, in order to receive the benefit of tolling of the federal statute of limitation, a PCRA petition must be filed before the federal limitations period runs out. Otherwise, there is nothing left to be tolled. *See Tinker v. Moore*, 255 F.3d 1331, 1333 (11th Cir. 2001) (finding that a properly filed post-conviction petition must be pending prior to the

6

expiration of the federal limitations period in order to toll that period).

In the instant case, the one-year § 2244 limitations period began to run when Derk's judgment of sentence became final, which occurred upon the expiration of the ninety (90) day deadline for filing a petition for writ of *certiorari* to the United States Supreme Court. *See Kapral v. United States*, 166 F.3d 565, 570 (3d Cir. 1999). The Pennsylvania Supreme Court denied Derk's application for reargument in his direct appeal proceedings on December 11, 1998. Thus, the ninety (90) day period for Derk to file a petition for writ of *certiorari* to the United States Supreme Court expired on March 11, 1999. Therefore, the one-year period to seek federal habeas relief began running on March 11, 1999, and was set to expire one year later, on March 11, 2000.

However, on July 13, 1999, Derk filed a *pro se* PCRA petition. As explained above, because the PCRA petition was filed within one year of the judgment of sentence becoming final, it was timely filed, and thus tolled the one-year § 2244 limitations period. At the time of filing of Derk's PCRA petition, 124 days had passed in the one-year period, and therefore, 241 days remained to seek habeas relief following the expiration of that period.

Derk's PCRA proceedings concluded on May 19, 2009, when the Pennsylvania Supreme Court denied Derk's petition for allowance of appeal. As explained above, because the one-year period is not tolled during the time for seeking or pendency of a

petition for writ of *certiorari* to the United States Supreme Court requesting review of a denial of state post-conviction relief, the 241 remaining days for seeking federal habeas relief began to run on May 19, 2009. Accordingly, the deadline for Derk to file a federal habeas petition was January 15, 2010. Because Derk's Petition and Amended Petition were filed after the federal limitations period had run out, on May 11, 2010 and June 7, 2010, respectively, he cannot benefit from statutory tolling. *See Tinker*, 255 F.3d at 1333.

## B. Equitable Tolling

The "one-year filing requirement is a statute of limitations, not a jurisdictional rule, and thus a habeas petition should not be dismissed as untimely filed if the petitioner can establish an equitable basis for tolling the limitations period." *Jones*, 195 F.3d at 159 (citing *Miller v. New Jersey State Department of Corrections*, 145 F.3d 616 (3d Cir.1998)). "[A] litigant seeking equitable tolling bears the burden of establishing two elements: (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way." *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005). The Third Circuit Court of Appeals instructs that equitable tolling is appropriate when "the principles of equity would make the rigid application of a limitation period unfair, such as when a state prisoner faces extraordinary circumstances that prevent him from filing a timely habeas petition *and* the prisoner has exercised reasonable diligence

8

in attempting to investigate and bring his claims." *LaCava v. Kyler*, 398 F.3d 271, 275-76 (3d Cir. 2005) (citations omitted).

Extraordinary circumstances have been found where (1) the defendant has actively misled the plaintiff, (2) the plaintiff has in some extraordinary way been prevented from asserting his rights, (3) the plaintiff has timely asserted his rights mistakenly in the wrong forum, *see Jones*, 195 F.3d at 159, or (4) the court has misled a party regarding the steps that the party needs to take to preserve a claim, *see Brinson v. Vaughn*, 398 F.3d 225, 230 (3d Cir. 2005). However, even where extraordinary circumstances exist, "[if] the person seeking equitable tolling has not exercised reasonable diligence in attempting to file after the extraordinary circumstances began, the link of causation between the extraordinary circumstances and the failure to file is broken, and the extraordinary circumstances therefore did not prevent timely filing." *Brown v. Shannon*, 322 F.3d 768, 773 (3d Cir. 2003) (quoting *Valverde v. Stinson*, 224 F.3d 129, 134 (2d Cir. 2000)).

Derk has not asserted any extraordinary circumstances that would allow him to benefit from equitable tolling. Derk utilized a form in preparing his Amended Petition. In the section of the form requiring an explanation as to why the statute of limitations does not bar the petition if the conviction became final over one year ago, Derk does not provide any explanation. (*See* Doc. 7-2 at 14 ¶ 18.) In his reply brief, Derk argues that the one-year statute of limitations did not begin to run until August 19, 2009, which was

ninety (90) days after the Pennsylvania Supreme Court denied his petition for allowance of appeal in his PCRA proceedings, and therefore, he has until August 19, 2010 to file his federal habeas petition. (*See* Doc. 15 at 2.) However, Derk's argument is flawed because it disregards the fact that the one-year period began to run after his judgment of sentence became final on March 11, 1999, and thus 141 days passed before it was tolled upon the filing of his PCRA petition on July 13, 1999. It also disregards that he is not entitled to statutory tolling during the time period for seeking a writ of *certiorari* following the denial of state collateral relief. Therefore, at the time his PCRA proceedings concluded on May 19, 2010, Derk only had 241 days remaining to file a federal habeas petition, and that time period expired on January 15, 2010. Derk fails to raise any other arguments in his reply brief that constitute a basis for equitable tolling. Accordingly, he is not entitled to equitable tolling.

## IV.  Conclusion

Because Derk has not established entitlement to either statutory or equitable tolling, and his petition for federal habeas relief was filed after the expiration of the § 2244(d) limitations period, this matter clearly is time-barred and cannot be considered by this Court. An appropriate Order will enter.